Date signed June 02, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TAMMY J. BELCHER | : | Case No. 04-13326PM |
| JOHN M. BELCHER | : | Chapter 13 |
| | : | CONSOLIDATED |
| Debtors | : | (03-18286) |

### MEMORANDUM OF DECISION

Before the court is the First and Final Application for Allowance of Attorneys' Fees to Counsel for the Chapter 7 Trustee in the Case of John M. Belcher, Bankruptcy Case No. 03-18286 ("the Application"). Jeffrey M. Orenstein and Goren, Wolff & Orenstein, LLC ("the Applicants") filed the Application on March 11, 2008, seeking compensation of $11,696.00. The Application presents an unusual situation in that the Chapter 7 Trustee ("the Trustee") liquidated no assets and made no distribution in this consolidated case.

Bankruptcy Case No. 03-18286 was filed by John M. Belcher on August 22, 2003, as a case under Chapter 13. It was converted to a case under Chapter 7 on John M. Belcher's motion by Order entered December 4, 2003, and Michael G. Wolff was appointed as trustee.

Because of the substantial equity in the jointly-owned residence located at 15 Hibiscus Court, Gaithersburg, Maryland, that would be available to pay joint debts of John M. Belcher and his spouse, Tammy J. Belcher, the Trustee and his counsel moved aggressively to liquidate the equity, filing a motion to employ a real estate agent on January 16, 2004. The Trustee filed an adversary proceeding on February 12, 2004, to obtain approval under 11 U.S.C. § 363(h) to

sell the estate's interest and the interest of Tammy J. Belcher, who filed her own bankruptcy case under Chapter 13 on February 13, 2004. This was followed by John M. Belcher's motion on February 17, 2004, to reconvert his case to one under Chapter 13. The Trustee opposed the motion to reconvert, reporting an offer to purchase the property for $190,000.00. The motion to reconvert was denied. There was neither any change in circumstances or other factor shown to justify the extraordinary relief sought. A review of the schedules in both of the bankruptcy cases demonstrated that there was not enough income to fund a confirmable plan. If their schedules were accurate, they needed either a miracle or the ability to create money out of thin air to accomplish their aims.

In April 2004, the Trustee filed a Motion for Relief from Stay in Tammy J. Belcher's case so as to enable him to proceed in the 11 U.S.C. § 363(h) action. This matter was continued from time to time. Ultimately, the Trustee withdrew the Motion, and Tammy J. Belcher filed a plan providing for payments of over $68,000.00 that was confirmed. The Trustee's counsel remained active after confirmation of Tammy J. Belcher's plan and opposed the efforts of Wachovia Bank to obtain relief from the automatic stay. Ultimately, an agreement was reached whereby the case of John M. Belcher was reconverted to a case under Chapter 13 and consolidated with the case of Tammy J. Belcher. The consent order memorializing the agreement reflected that the parties were unable to agree as to the amount of compensation to be allowed the Trustee's counsel.

The Application is opposed by the Belchers as excessive, in that it is entirely out of proportion to the results obtained. The court will review the Application under the *Lodestar* approach as required by the Fourth Circuit in the case of *Harmon v. Levin*, 772 F.2d 1150, 1152 (CA4 1985). *See also, Barber v. Kimbrell's, Inc.*, 577 F.2d 216 , 226 n.28 (CA4 1978); *In re Garrison Liquors, Inc.*, 108 B.R. 561, 565 (BC Md. 1989). The 12 factors for the court to consider are:

(1) <u>The time and labor expended</u>. The court finds that the Applicants spent the time shown on their records in the Application.

(2) <u>The novelty and difficulty of the questions raised</u>. The issues involved, for the most part, are not novel. The difficulty is that the Trustee was frustrated by the filing Tammy J. Belcher's bankruptcy case as the Trustee was negotiating a contract for the sale of the jointly-held property. The Chapter 13 Plan proposed appeared impossible of fulfillment. This activity

-2-

was at a time when the local real estate market was very favorably inclined towards sellers and most likely could have resulted in a substantial distribution to unsecured creditors.

(3) <u>The skill required to properly perform the legal services rendered</u>.  This work required the efforts of experienced counsel.  The Applicants possess this experience.

(4) <u>The attorneys' opportunity costs of pressing the instant litigation</u>.  This is not a factor other than the fact that the time that the Applicants spent on this case could not be spent on other cases.

(5) <u>The customary fee for like work</u>.  The hourly charges by the Applicants appear to be their usual and customary rate and well within the range of fees charged by counsel representing trustees in this court.

(6) <u>The attorneys' expectations at the outset</u>.  The Applicants observed that if the intended results were produced there was every likelihood that they would be paid their usual and customary rate.

(7) <u>The time limitations imposed by the circumstances</u>.  The case did not present significant time limitations.

(8) <u>The amount in controversy and the results obtained</u>.  But for the interdiction of Tammy J. Belcher's case under Chapter 13, the Trustee would have liquidated the Belchers' residence and made a distribution in 2004 or early 2005.  That distribution would have been less than what would be distributed to creditors should the Belchers make all payments required under the Plan.  The Applicants suggest that because of the aggressive tack taken on behalf of the Trustee that creditors will receive payment of all or most of their claims.  The court cannot wholly agree with this proposition.  As counsel for the Belchers pointed out at argument, this Chapter 13 case succeeded because Tammy J. Belcher is earning far more than the sum that was originally scheduled.

(9) <u>The experience, reputation and ability of the attorney</u>.  The Applicants are competent and well regarded within the legal community.

(10) <u>The undesirability of the case within the legal community</u>.  This is not a factor.

(11) <u>The nature and length of the professional relationship between attorney and client</u>.  The Trustee is a member of the law firm for which compensation is sought.

(12) <u>Attorney's fees awards in similar cases</u>.  The fees sought are comparable to those sought in hundreds of similar cases.  Compensation was delayed for more than three years on

this account by the failure of John M. Belcher to implement the agreement to request reconversion of his case and consolidation with the estate of Tammy J. Belcher.

After consideration of all of the foregoing, the court finds the critical factor to be the results obtained.  The court does not agree with the Applicants' view of the reason for the success of this consolidated bankruptcy case.  Had the Trustee proceeded and sold the property as planned, the distribution to creditors would not have been more than under a successful Chapter 13 Plan, but most likely somewhat less.  The court will not allow all the compensation sought.  At some point the Trustee should have taken a passive role with the Applicants' activities limited to that of a watching brief.

Considering the disability of John M. Belcher, the court understands the Belchers' interest in retaining their residence.  At the same time, the Trustee did what Chapter 7 trustees are supposed to do under 11 U.S.C. § 704(1) – that is, to collect and reduce to money the property of the estate as expeditiously as possible, compatible with the interests of the parties in interest.  One is reminded of the phrase, "to a hammer, everything looks like a nail."

An appropriate order will be entered.

cc:     Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850
        Robert J. Haeger, Esq., 9535 Fern Hollow Way, Gaithersburg, MD 20886
        John M. Belcher and Tammy J. Belcher, 15 Hibiscus Court, Gaithersburg, MD 20878
        Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
        United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**